**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ILENE GROSSBARD, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:09CV350 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **SECURITIES AMERICA FINANCIAL ,** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Stay All Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation (Filing No. 66). The defendants filed a brief (Filing No. 67) in support of the motion. The plaintiffs filed a brief (Filing No. 72) and an index of evidence (Filing No. 73) in opposition to the motion. The defendants filed a brief (Filing No. 76) and an index of evidence (Filing No. 77) in reply.

**BACKGROUND**

The plaintiffs filed the instant case as a putative class action on October 1, 2009, seeking relief under the Securities Act of Nebraska, Neb. Rev. Stat. § 8-1101, *et seq.*, and the Class Action Fairness Act, 28 U.S.C. § 1332. **See** Filing No. 1 - Complaint. The plaintiffs allege the defendants "offered and sold hundreds of millions of dollars worth of securities in the form of notes for a medical receivables company - a company that turned out to be a $2 billion Ponzi scheme that brought down the wrath of the S.E.C." **See** Filing No. 27 - Amended Complaint ¶ 1. On November 25, 2009, the defendants filed motions to dismiss the amended complaint. **See** Filing Nos. 37, 39, and 41. Such motions have been fully briefed by the parties.

The plaintiffs' action is one of five putative class actions that have been filed by purchasers of the securities. **See** Filing No. 67 - Defendants' Brief p. 1. Four of the civil class action lawsuits have been consolidated in the United States District Court for the District of California. **See** Filing No. 67 - Defendants' Brief p. 1-2. The California plaintiffs sought an order from the Judicial Panel on Multidistrict Litigation (MDL Panel) consolidating

this case with the California cases. *Id.* at 2. While the defendants agree the five cases should be consolidated, the defendants contend the MDL Panel should transfer the California cases to Nebraska. *Id.* at 2. The plaintiffs also oppose transfer of this case to California. **See** Filing No. 72 - Plaintiffs' Brief p. 4.

Incidentally, on January 26, 2010, the Massachusetts Securities Division of the Office of the Secretary of the Commonwealth filed an administrative action against Securities America, Inc. for allegedly violating the Massachusetts Uniform Securities Act. **See** Filing No. 73 - Ex. A Administrative Complaint. As part of the administrative action, the Securities Division took depositions and required production of documents. **See** Filing No. 72 - Plaintiffs' Brief p. 2.

On January 20, 2010, the defendants filed the instant motion to stay all proceedings pending a decision by the MDL Panel regarding consolidation. **See** Filing No. 66. The defendants argue they will suffer the risk of duplicative discovery and other waste of the parties' and judicial resources absent a stay. **See** Filing No. 76 - Reply. Further, the defendants assert the plaintiffs will suffer no prejudice by a brief stay pending resolution by the MDL Panel. *Id.* at 4-5. The defendants describe the unnecessary hardship they may suffer if required to negotiate a protective order and engage in disputed and overly broad discovery. *Id.* at 5-6.

The plaintiffs oppose the stay, arguing the defendants have already produced much of the discovery sought, such as initial disclosure materials, during the Massachusetts proceedings. **See** Filing No. 72 - Plaintiffs' Brief p. 3. For the same reason, the plaintiffs argue they will suffer prejudice by lacking the same discovery as is available to other related parties. *Id.* at 8. Furthermore, the plaintiffs contend the defendants fail to provide legal justification for staying either the resolution of the motions to dismiss or the provision of discovery in this case. *Id.* at 5. In particular, the plaintiffs note the motions to dismiss are based on the state law claims, rather than federal law claims, making inconsistent outcomes between the Nebraska case and the California cases improbable. *Id.* at 10.

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); see *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under **Landis**."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). Similarly, "[t]he decision to issue a stay of proceedings when a party submits a motion for transfer to an MDL panel rests within the court's discretion." *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008). In determining whether a stay is appropriate under theses circumstances, "courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Id.*

Here, there is no evidence the defendants will suffer any prejudice by being required to provide initial discovery disclosures. The defendants have already participated in some discovery, albeit in related proceedings. Additionally, the motions to dismiss have been fully briefed and relate to Nebraska's securities laws. If the period between now and an MDL Panel decision is short, as the defendants assert, the potential for burdensome discovery or related motion practice is insignificant. In any event, the court may address such issues as they arise to avoid an unnecessary stay at this time and the possibility of future inconsistent obligations for the defendant. Under these circumstances, a stay would not serve the interests of judicial economy and efficiency. Upon consideration,

**IT IS ORDERED:**

The defendants' Motion to Stay All Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation (Filing No. 66) is denied.

DATED this 23rd day of February, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge
